## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GEORGE R. BURNETT,**

    **Plaintiff,**

**v.**                                    **CASE NO.  8:09-CV-2394-T-27EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his claim for Disability Insurance Benefits ("DIB").

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405 (g) (2006).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the

---

[1] The District Judge referred this matter to the undersigned for a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See <u>Goodley v. Harris</u>, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

**Background**

Plaintiff filed his application for DIB on April 13, 2005 (T 58), claiming an onset date of February 4, 2004 (T 19). Plaintiff claims disability due to residuals from a stroke that occurred after he was assaulted in January 2004. (T 22) Thirty-eight years old at the time of the ALJ's decision, Plaintiff has an eighth-grade education, is able to read and write, and has past work experience as a lawn maintenance laborer and an owner-operator of a landscaping company. (T 24)

Plaintiff's application was initially denied on July 19, 2005. (T 54) Plaintiff filed a request for reconsideration with the Commissioner, and on October 4, 2005, the Commissioner again denied Plaintiff's claims. (T 49) After Plaintiff appealed the unfavorable decision, a hearing before an ALJ was held on December 18, 2007. (T 19, 31) During the hearing, the Plaintiff requested a closed period of disability from February 4, 2004 to January 9, 2007. (T 19) The ALJ issued his decision on January 25, 2008 that Plaintiff was not disabled within the meaning of the Act from February 4, 2004 through January 9, 2007. (T 30) In his written opinion, the ALJ found that Plaintiff has a severe impairment – residuals of a stroke – but does not have an impairment that meets or medically

equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (2010).  (T 23) Plaintiff was found capable of performing a full range of medium work with a frequent limitation for working at unprotected heights and around dangerous machinery and an occasional limitation for concentrating on a task assigned but capable of performing routine, predictable tasks.  (T 23) The Vocational Expert ("VE") testified that given all the factors, Plaintiff would be able to perform jobs such as a hand packager and/or a salvage laborer.  (T 30)  On May 27, 2008, the Appeals Council denied review of the ALJ's decision, which then became the final decision of the Commissioner.  (T 6)

Plaintiff asserts four grounds for relief, but two of those issues relate to the ALJ's credibility evaluation, so they will be addressed together.  The three issues presented are: (1) whether the Commissioner erred in finding no severe mental impairment; (2) whether the Commissioner erred in evaluating Plaintiff's credibility; and (3) whether the ALJ properly considered the combined effects of all of Plaintiff's impairments.

The medical evidence has been discussed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

**Discussion**

1. **Plaintiff contends that the ALJ erred in not finding that Plaintiff had a severe mental impairment.**

"[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work."  Brady v. Heckler, 724 F2d. 914, 920 (11th Cir. 1984).  An ALJ's conclusion that an impairment is not severe must be supported by substantial evidence.  Id. at 921. However, Plaintiff has the burden of establishing the existence of one or more severe impairments.

3

See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

While noting that Plaintiff had sustained a stroke in February 2004 due to a fight and that Plaintiff had a severe impairment ("residuals of a stroke"), the ALJ concluded that Plaintiff did not have a severe mental impairment.[2] (T 22) After discussing the pertinent evidence, the ALJ observed that Plaintiff could perform activities of daily living and seemed capable of performing simple mental tasks. (T 22-23)

Although Plaintiff did not assert a mental impairment when applying for disability benefits, the Office of Disability Determinations ordered a consultative examination based on Plaintiff's complaints of memory problems. (T 132-33) Gerald Mussenden, Ph.D. ("Dr. Mussenden") saw Plaintiff on June 10, 2005. (T 222) Dr. Mussenden noted, after reviewing a report from Plaintiff's neurologist and various tests administered during the examination, that Plaintiff had only a slight disturbance in overall recall and/or memory, but no other signs of mental disturbance, including anxiety and depression. (T 224)

Based on the recommendation of Dr. Mussenden for further testing to assess any memory problems (T 223), Plaintiff saw Joseph Blitch, Ph.D. ("Dr. Blitch") on July 3, 2005, and Dr. Blitch administered the Wechsler Memory Scale III and conducted a clinical evaluation. (T 218-21) Dr. Blitch interpreted the test results to show "substantial impairment" and noted that test scores indicated that Plaintiff's "auditory intermediate memory is in the bottom 1 percentile." (T 220) He observed that in "one subtest involving being given pairs of words to remember, it is noteworthy that even with three learning trials, [Plaintiff] got no responses correct." (Id.) Dr. Blitch stated that

---

[2] The ALJ cited a neurological evaluation in 2004 and an MRI in 2005 which revealed that Plaintiff had some gait unsteadiness as well as a mild loss of coordination on heel to toe walking. Based on this, the ALJ found a severe impairment. (T 22)

4

Plaintiff seemed to remember visual stimuli "somewhat better than auditory information" with "visual immediate memory being at the 14th percentile." (Id.) In conclusion, Dr. Blitch stated that Plaintiff was suffering from memory impairment secondary to organic brain damage.[3] (T 221)

The ALJ acknowledged that Dr. Blitch had assessed Plaintiff's auditory immediate memory in the bottom one percentile, but emphasized that Plaintiff "seemed to recall visual stimuli memory somewhat better." (T 22)  Also, the ALJ noted that Dr. Blitch found that Plaintiff's thought processes were logical and relevant and that Plaintiff was of average intelligence. (Id.) Ultimately, the ALJ found that Plaintiff did not have a mental impairment that would prevent him from meeting the intellectual and emotional demands of a competitive work environment. (T 23)

If this were simply a choice of resolving conflicts in the evidence, such as different scores on the same diagnostic test or other evidentiary discrepancies, the court could readily affirm the Commissioner on this issue.  However, Dr. Blitch was the only treating source to administer a diagnostic test to assess memory problems, one of Plaintiff's chief complaints. (T 22, 339, 348) At a minimum, Dr. Blitch's finding that Plaintiff's auditory immediate memory scores place Plaintiff in the bottom one percentile cannot be squared with the ALJ's findings of a minimal mental impairment.[4]  This is a situation where the ALJ apparently substituted his own opinion for the medical opinion of a health care source; the AlJ's decision to discount this assessment based on

---

[3] Dr. Blitch assessed a GAF score of 55 and provided a diagnosis of (Axis I) "anmestic disorder due to brain injury." (T 220-21)

[4] While Plaintiff cites the evidence as to Dr. Blitch's evaluation in his memorandum of law (Dkt. 14 at 6), the Commissioner's responsive memorandum of law omits any reference to Dr. Blitch's evaluation and discusses only Dr. Mussenden's evaluation. (Dkt. 15 at 8-10). It was Dr. Mussenden, however, who referred Plaintiff for additional memory testing which was carried out by Dr. Blitch. (T 218, 225)

other findings by Dr. Blitch (that Plaintiff's visual memory testing was somewhat better, that Plaintiff had logical thought processes, and was of average intelligence) is not supportable.[5]

Consequently, there is a lack of substantial evidence to support the ALJ's finding that Plaintiff has no severe mental impairment. Remand is required for additional fact-finding at steps four and five of the sequential evaluation process for evaluating Social Security disability claims. For this reason, there is no need to address the second issue raised by Plaintiff concerning the evaluation of Plaintiff's credibility. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam). However, the court is able to affirm the Commissioner, based on the present record, as to the third issue raised by Plaintiff – whether the ALJ properly reviewed Plaintiff's impairments in combination.[6]

## Conclusion

The decision of the Commissioner denying Plaintiff's application for DIB should be reversed. Accordingly, it is **RECOMMENDED** that:

(1) The decision of the Commissioner be **REVERSED** and this case be **REMANDED** for further administrative proceedings consistent with the foregoing; and

---

[5] There is no indication that the ALJ found Dr. Blitch's evaluation internally inconsistent or otherwise flawed or that the tests performed were unreliable due to malingering or other defects. Also, the ALJ made no finding that Dr. Blitch's assessment of Plaintiff's memory problems was contradicted by other evidence of record.

[6] The ALJ explicitly found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix. 1 (20 C.F.R 404.1520(d), 404.1525)." (T 23) Given this express finding, the court is able to conclude that the ALJ properly weighed the combined effect of Plaintiff's impairments. Davis v. Shalala, 985 F.2d 528, 533 (11th Cir. 1993); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).

(2)  The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for attorneys' fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. See Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006).

Dated:  January 7, 2011

*/s/ Elizabeth A. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. §636 (b)(1).